SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 55
---------------------------------------------------------------------------X
DONALD J. TRUMP FOR PRESIDENT, INC.,

                    Plaintiff,

   –against–

THE NEW YORK TIMES COMPANY d/b/a
*The New York Times*,

                    Defendant.
---------------------------------------------------------------------------X

**DECISION & ORDER**
Index No. 152099/2020
Mot. Seq. No. 001

**Hon. James E. d'Auguste**

      This litigation arises from an opinion column published in *The New York Times* entitled "The Real Trump-Russia Quid Pro Quo." Plaintiff Donald J. Trump for President, Inc. ("Trump campaign") filed this suit against defendant The New York Times Company d/b/a *The New York Times* ("the Times") alleging defamation. The Times now moves, pursuant to CPLR 3211(a), 22 NYCRR 130-1.1, and CPLR 8303-a, to dismiss the complaint and have sanctions imposed. For the reasons discussed below, this Court grants dismissal of the complaint with prejudice and denies the application for the imposition of sanctions.

      The facts upon which this litigation is based are relatively straightforward. On March 27, 2019, the Times published a column written by Max Frankel relating to Special Counsel Robert Mueller's report regarding his oversight of the United States Department of Justice's investigation into Russian infiltration into the 2016 presidential election, officially titled Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller report" or "report"). Because the Mueller report had not yet been released to the public, the column was based upon Attorney General William Barr's general summation of the report. The complaint contends that despite the Mueller report's finding that there was no "electoral collusion" between Russia and Trump campaign associates, Mr. Frankel believed and asserted in his column that there

had been an "overarching deal: the quid of help in the campaign against Hillary Clinton for the quo of a new pro-Russia foreign policy." Mr. Frankel, after discussing then-recent events, ultimately concluded that, in his opinion, while the conduct "was not in itself illegal," it was "unseemly at best."

After the column was published, the Trump campaign commenced the instant litigation, which this Court now dismisses for the following reasons. First, while the complaint alleges that the terms used in the article, such as "deal" and "quid pro quo," are defamatory and false, Mr. Frankel's commentary in his article is nonactionable opinion, and the overall context in which the article was published, in the opinion section of the newspaper, signaled to the reader that "the broader social context and surrounding circumstances [indicate] that what is being read . . . is likely to be opinion, not fact." *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153 (1993) (internal quotation marks and citation omitted). This is because "[t]he dispositive inquiry, under either Federal or New York law, is 'whether a reasonable [reader] could have concluded that [the articles were] conveying facts about the plaintiff.'" 83 N.Y.2d at 152 (alterations in original) (quoting *600 W. 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 139 (1992)); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339 (1974) (finding that statements of opinion are not actionable because "there is no such thing as a false idea").

Second, the challenged statements are not "of and concerning" plaintiff, which is a necessary element for a defamation action. For example, in *Lazore v. NYP Holdings, Inc.*, 61 A.D.3d 440 (1st Dep't 2009), the Appellate Division, First Department dismissed a complaint alleging defamation because "the offending statements were directed against a governing body . . . , rather than against its individual members." 61 A.D.3d at *1. Further, a corporate entity has no standing to sue over statements that concern an entity's employees or affiliates, but not the entity itself. *See Cohn v. Nat'l Broadcasting Co.*, 67 A.D.2d 140, 146 (1st Dep't 1979), *aff'd*, 50

N.Y.2d 885 (1980) (rejecting a law firm's defamation claim based on allegedly defamatory references to one of the firm's lawyers); *Carlucci v. Poughkeepsie Newspapers, Inc.*, 57 N.Y.2d 883, 885 (1982) (affirming dismissal of corporate plaintiff's lawsuit where news report concerned only the gambling activities of the company's owner and the article was not "of and concerning" the corporate entity). Here, the focus of Mr. Frankel's column was the former President's associates and family members, not the Trump campaign itself.

Third, even if Mr. Frankel's commentary was actionable as factual assertions, and even if such assertions were of and concerning the Trump campaign, the complaint fails to allege facts sufficient to support the requirement that the Times published the challenged statements with actual malice, meaning "knowledge that [the statements] were false, or [made] with reckless disregard for the truth." *Winklevoss v. Steinberg*, 170 A.D.3d 618, 619 (1st Dep't 2019). In this regard, bias, or ulterior motive does not constitute actual malice. *See, e.g.*, *Roche v. Hearst Corp.*, 53 N.Y.2d 767, 769 (1981); *Farrakhan v. N.Y.P. Holdings*, 168 Misc. 2d 536, 543-44 (Sup. Ct. N.Y. County 1995) (Arber, J.), *aff'd*, 238 A.D.2d 197 (1st Dep't 1997). This heavy burden exists because news organizations function as a platform for facilitating constitutionally protected speech on issues of public concern and courts will not impose defamation liability against these entities absent a clear showing of actual malice.

Although the action is being dismissed, this Court denies the application for the imposition of sanctions. *See W.J. Nolan & Co. v. Daly*, 170 A.D.2d 320, 321 (1st Dep't 1991).

Accordingly, the Times' motion is granted to the extent of directing the Clerk to enter judgment dismissing the instant action with prejudice. This constitutes the decision and order of this Court.

Dated: March 9, 2021

                           _____
                           Hon. James E. d'Auguste, J.S.C.
                           152099/2020